This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38174**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**JOSHUA ABNEY,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM
Victor E. Sanchez, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}**　　Following a jury trial, Defendant Joshua Abney was convicted of driving under the influence, contrary to NMSA 1978, Section 66-8-102(C)(1) (2016). On appeal, Defendant argues that the district court violated his right to a fair trial and committed fundamental error by communicating with the jury by providing additional jury instructions after deliberations had already begun. We affirm.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history, we discuss the facts only as they become necessary to our analysis.

## DISCUSSION

**{3}** Defendant argues that his conviction should be reversed because the district court committed fundamental error when, responding to a jury note, it unlawfully communicated additional jury instructions to the jury during its deliberations, depriving him of a fair trial. Defendant contends that (1) the form of communication was improper and gave rise to a presumption of prejudice to Defendant; and (2) the communication itself was a shotgun instruction, which violated the sacrosanctity of the jury deliberation process. We address Defendant's arguments in turn and remain unpersuaded the district court committed fundamental error.

### I.     Standard of Review

**{4}** Although Defendant objected to further instructing the jury, he did not object to the manner of communication the district court chose. When, as in this case, an assertion of error in jury instructions is unpreserved, we review for fundamental error. *See State v. Stevens*, 2014-NMSC-011, ¶ 42, 323 P.3d 901 ("We review an unpreserved challenge to a jury instruction for fundamental error."). Appellate courts are to exercise discretion to review an assertion of fundamental error only in rare instances and solely to prevent a miscarriage of justice where some fundamental right has been invaded. *See State v. Reyes*, 2002-NMSC-024, ¶¶ 41-42, 132 N.M. 576, 52 P.3d 948, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, ¶ 36, 267 P.3d 806; *see also State v. Cunningham*, 2000-NMSC-009, ¶ 12, 128 N.M. 711, 998 P.2d 176. To rise to the level of fundamental error, the error must go "to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *Cunningham*, 2000-NMSC-009, ¶ 13 (internal quotation marks and citation omitted).

### II.    The District Court Engaged in Proper Communication With the Jury

**{5}** Defendant first argues that the district court's response to the jury's note, infringed on his right to be present for jury communications and was contrary to Rules 5-612(A) NMRA and 5-610(B), (D) NMRA, giving rise to an irrefutable presumption of prejudice. We disagree.

**{6}** When determining whether the manner in which a district court communicates with a jury requires reversal, New Mexico's appellate courts use a two-prong test. *See State v. Jojola*, 2006-NMSC-048, ¶ 4, 140 N.M. 660, 146 P.3d 305. First, we determine whether the district court erred at all: whether an improper communication occurred between the district court and the jury resulting in error giving rise to a presumption of prejudice. *See id.* ¶ 6 ("[A] presumption of prejudice which the [s]tate must dispel only

arises from an improper communication between judge and juror." (internal quotation marks omitted)). Second, if an error occurred, "the [s]tate bears the burden of rebutting that presumption by making an affirmative showing on the record that the communication did not affect that jury's verdict." *State v. Aguilar*, 2019-NMSC-017, ¶ 41, 451 P.3d 550 (internal quotation marks and citation omitted).

**{7}** After retiring to deliberate, the jury sent a note to the district court that read, "Not guilty five. Guilty seven. Having trouble with deciding if sitting in the driver's seat with keys in the ignition constitutes operation of a motor vehicle under New Mexico law." Upon receiving the jury's note, the district court went back on the record to read and discuss the jury's question with all counsel and in the presence of Defendant. While Defendant did not object to this procedure at the time, Defendant now contends that the district court's communication with the jury was improper because it violated Rules 5-612(A) and 5-610(B), (D) by responding to the jury's note by sending back additional jury instructions instead of calling the jury back into the courtroom and giving "the additional jury instructions in open court in the presence of [Defendant] and all counsel."

**{8}** Rule 5-612(A) states, "Except as otherwise provided by these rules, the defendant shall be present at all proceedings, including . . . the jury trial and during all communications between the court and the trial jury." However, in his briefing, Defendant acknowledges that the district court read and discussed the jury's note "[i]n the presence of Defendant . . . and all counsel." The additional instructions were the only communication with the jury on the topic. Because Defendant was present when the jury's note was read, discussed, a response was determined, and additional instructions were sent to the jury, the district court did not violate Rule 5-612(A).

**{9}** Rule 5-610(B) states, "The court *may* recall the jurors after they have retired to consider their verdict to give them additional instructions . . . . Such additional or corrective instructions *may* be given only after notice to and in the presence of the attorneys and the defendants." (Emphasis added.) Rule 5-610(B) does not *require* the district court to recall a jury to provide supplemental instructions, but if the district court *does* recall the jury, the defendants and attorneys must have notice and be present. Even though the district court chose not to recall the jury, the attorneys and Defendant were present for the determination of how to respond to the jury's question. Therefore, we hold that the district court did not violate Rule 5-610(B).

**{10}** Rule 5-610(D) states:

> The defendant shall be present during all communications between the court and the jury unless the defendant has signed a written waiver of the right to be personally present. All communications between the court and the jury must be in open court in the presence of the defendant and counsel for the parties unless the defendant waives on the record the right to be present or unless the communication involves only a ministerial matter. Unless requested by counsel for the defendant, communications

between the court and the jury on a ministerial matter may be made in writing after notice to all counsel without recalling the defendant.

In *Jojola*, our Supreme Court explained that Rule 5-610(D) "provides that all communications between judge and jury relevant to the case occur in open court and in the presence of the defendant." 2006-NMSC-048, ¶ 8. Further, the committee commentary on Subsection (D) of Rule 5-610 expressly states that this section was "added to clarify the procedure for communications between the judge and the jury, after the jury has retired to consider the verdict, without recalling the jury," citing *State v. Saavedra*, 1979-NMCA-096, 93 N.M. 242, 599 P.2d 395, as an example. Rule 5-610 comm. cmt. Upon our review of the briefs and record, we conclude that *Saavedra* controls here.

**{11}** In *Saavedra*, the defendant alleged the district court "committed reversible error when [it] responded to a written question from the jury by sending a note back to the jury rather than calling the jury into the courtroom to answer the question." 1979-NMCA-096, ¶ 4. After receiving the note, "[t]he judge, in open court, informed the parties of the note's contents and how he intended to answer." *Id.* In *Saavedra*, the question was, "whether . . . a presumption [of prejudice] arises when the [district] court consults with counsel before sending its reply to the jury; the defendant is present; and there is no objection made to the procedure." *Id.* ¶ 5. The Court held that a presumption of prejudice did not arise under these circumstances and the procedure used by the *Saavedra* court did not amount to reversible error, because "[t]he communication occurred in open court, with notice to, and in the presence of the parties" and, therefore, "[t]here was no unauthorized communication." *Id.* ¶ 6.

**{12}** In our view, the procedure used in *Saavedra* to communicate with the jury is identical to the procedure the district court followed in Defendant's case. The district court read the jury's note in open court with Defendant and all counsel present. After some discussion, the district court informed the parties, including Defendant, on how it intended to respond. Like the defendant in *Saavedra*, Defendant did not object to the procedure the district court used when it sent copies of UJI 14-4511 NMRA and UJI 14-4512 NMRA to the jury. Therefore, we hold that the written communication of supplemental jury instructions from the district court to the jury in the present case does not warrant reversal.

**{13}** Because the district court did not err in how it communicated with the jury, we conclude there was no presumption of prejudice to Defendant by the district court's actions.

### III. The District Court Did Not Violate the Sacrosanctity of the Jury's Deliberation Process

**{14}** Defendant next argues that the communication breached the sacrosanctity of the jury's deliberation process because it left too much speculation on what was

communicated to the jury and the hold-out jurors may have interpreted the communication as a shotgun instruction. We disagree.

**{15}**    Following its discussion with the parties, the district court responded to the jury's note by providing the jury with UJIs 14-4511 and 14-4512, defining what it means to be "operating" and "in actual physical control" of a vehicle under New Mexico law. *See* UJI 14-4511 (defining that "a person is 'operating' a motor vehicle if the person is . . . in actual physical control [of] . . . the vehicle, whether or not the vehicle is moving"); UJI 14-4512 (providing factors the jury may consider when "determining whether the state has proved . . . that the defendant was in actual physical control of the vehicle"). Just prior to sending the jury instructions back, the district court stated, "I'm going to give it, as it appears to me that's the issue the jury is struggling with. I think that they are entitled to an accurate picture of New Mexico law. We'll send this in and see if that resolves anything." The district court then went into recess.

**{16}**    Defendant's contention that the district court's response left too much speculation on what was communicated to the jury fails, because nothing in the record indicates that anything beyond the two written UJIs were communicated to the jury. *See State v. Hinojos*, 1980-NMCA-079, ¶ 4, 95 N.M. 659, 625 P.2d 588 ("We conclude that there is nothing which this [c]ourt may review on the issue raised, [the] defendant having failed to make his record on this matter." (internal quotation marks and citation omitted)). To the contrary, the record reflects that the last statement made before the two UJIs that were sent to the jury was the district court stating, "I think that [the jury is] entitled to an accurate picture of New Mexico law. We'll send this in and see if that resolves anything." Therefore, we cannot conclude that there was anything left to speculation with regard to what was communicated to the jury in the district court's response.

**{17}**    Further, Defendant's argument that the hold-out jurors may have interpreted the communication as a shotgun instruction also fails. A shotgun instruction has long been prohibited in New Mexico. *See State v. Cortez*, 2007-NMCA-054, ¶ 8, 141 N.M. 623, 159 P.3d 1108; *see also Jojola*, 2006-NMSC-048, ¶ 11.  Our case law has indicated that a district court "can inform the jury that it *may* consider further deliberations, but not that it *must* consider further deliberations." *Cortez*, 2007-NMCA-054, ¶ 9 (internal quotation marks and citation omitted).  Defendant relies on *Cortez* to support this argument; however, the circumstances in *Cortez* differ from this case significantly. *See generally id.* In *Cortez*, the district court received a note from the jury expressing their inability to reach a unanimous verdict and revealing the numerical vote of the jurors. *Id.* ¶ 3. In the courtroom and in the presence of all counsel and the defendant, the district court spoke with the foreperson, outside the presence of the rest of the jury, and instructed the foreperson to "read the instructions and consider the matter after you have read the instructions together, and let me know at that point." *Id.* The foreperson left the courtroom and the record did not reflect what exactly the foreperson relayed to the rest of the jury. *Id.* ¶ 4.  As part of its analysis, our Court observed that *Jojola* made "two intertwined determinations" regarding what is presumptively prejudicial. *Cortez*, 2007-NMCA-054, ¶ 13. First, the communication between the judge and juror was prejudicial because it was ex parte and concerned the jury's deliberations. *Id.* Second,

the procedure of the communication was prejudicial because "what was ultimately communicated to the jury by the foreperson was not in writing and placed [on the] record," thus requiring speculation on the appellate court's part. *Id. Cortez* ultimately held despite the lack of ex parte communication that fundamental error existed because "the jury was aware the [district] court knew the hold-out juror count, and that it is unknown what the foreperson relayed to the jury." *Id.* ¶ 17. In the present case, the district court was aware of the jury's split, but the district court did not tell the jury it must continue to deliberate. Rather, the district court responded to the jury's specific legal question that accompanied their notation of the split, with written uniform jury instructions, and not until after there was discussion with all counsel and in the presence of Defendant. Here, unlike in *Cortez*, the district court's response was written, not oral, and the response provided was uniform jury instructions that directly responded to the jury's inquiry. *See* Rule 5-608(A) NMRA ("The court must instruct the jury upon all questions of law essential for a conviction of any crime submitted to the jury.").

{18}    Finally, the district court had a duty to respond to the jury. *See State v. Juan*, 2010-NMSC-041, ¶ 16, 148 N.M. 747, 242 P.3d 314 ("[W]hen a jury requests clarification regarding the legal principles governing a case, the trial court has a duty to respond promptly and completely to the jury's inquiry."); *see id.* ¶ 17 ("[W]hen a statement is submitted to the court by the jury during deliberations concerning the inability of the jury to arrive at a verdict, together with a disclosure of the numerical division, the judge *must* communicate with that jury in some fashion." (internal quotation marks and citation omitted)). We conclude that the district court did not err in providing additional written jury instructions in response to the jury's note.

 CONCLUSION

{19}    We conclude that Defendant was not deprived of a fair trial, and that no error occurred. Therefore, we affirm.

{20}    IT IS SO ORDERED.

SHAMMARA H. HENDERSON, Judge

WE CONCUR:

ZACHARY A. IVES, Judge

KATHERINE A. WRAY, Judge